**UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF TENNESSEE
SOUTHERN DIVISION**

| | |
|---|---|
| In re: ) | |
| ) | |
| MICHAEL ALLEN MIXSON, ) | Case No. 1:20-bk-12728-SDR |
| ) | |
| Debtor. ) | Chapter 11 |

**OBJECTION OF UNITED STATES TRUSTEE TO APPLICATION
FOR AN ORDER PURSUANT TO § 327(A) OF THE
BANKRUPCTY CODE AUTHORIZING THE RETENTION OF
DAVID J. FULTON AND SCARBOROUGH & FULTON AS
COUNSEL FOR THE DEBTOR**

Acting United States Trustee for Region 8, Paul A. Randolph, through the undersigned attorney, objects to the "Application for an Order Pursuant to § 327(a) of the Bankruptcy Code Authorizing the Retention of David J. Fulton and Scarborough & Fulton as Counsel for the Debtor" (the "Application"; Doc. 21). The Application has two major flaws: (1) David Fulton (the "Applicant") is not a disinterested person due to the receipt of $20,000 from Debtor Michael Allen Mixson (the "Debtor") for pre-conversion legal services provided in the Debtor's prior case and (2) the Application and § 329 fee statement fail to adequately disclose all relevant connections to the Debtor. For these reasons, the Application to Employ should be denied.

**I.   BACKGROUND**

**a.   PRIOR CASE**

**Chapter 11.** The Debtor filed a Chapter 11 petition on May 19, 2014. Doc. 1, Case No. 1:14-bk-12133-NWW. On June 11, 2014, the Court granted the Application to Employ filed by Applicant on behalf of the Debtor. Doc. 16, Case No. 1:14-bk-12133-NWW. Applicant

represented the Debtor throughout the Chapter 11 portion of the case. At no time during the case did Applicant file any request for approval of fees.

**Chapter 7.** On June 1, 2017, over three years after the inception of the case, the court entered an order converting the case to Chapter 7. Doc. 261, Case No. 1:14-bk-12133-NWW. Jerrold Farinash, the Chapter 7 trustee, filed a Final Report reflecting receipts of $35,000. Doc. 331, Case No. 1:14-bk-12133-NWW. Distributions were made for Chapter 11 administrative expenses (particularly, statutory fees owed to the United States Trustee) but, because Applicant did not file any fee application, no distributions were made to Applicant. The Applicant did not object to the final report. On October 4, 2017, the Court entered a discharge order under 11 U.S.C. § 727. The Order, on Official Form 318, explains that "if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged." Doc. 281, Case No. 1:14-bk-12133-NWW.

### b. CURRENT CASE

**Petition and Application.** Debtor filed a petition for relief under Chapter 11 of the Code on October 16, 2020. Doc. 1. On the same date, Debtor also filed a "Disclosure of Compensation of Attorney for Debtor(s)." The form discloses no payments to Applicant. The Application itself was filed on October 22, 2020. It also fails to mention the payment of $20,000 on the petition date, stating only that "S&F has received professional fees within the past year from the Debtor for legal services rendered in connection with the above legal matters [referring to the prior case]" and noting that "S&F has received a retainer from the Debtor for work to be done in filing the bankruptcy case and for services to be performed after the filing in the amount of $0.00." Doc. 21 at 4-5, ¶ 9. Only by reference to ¶ 16 of the Statement of Financial Affairs is it revealed that the Debtor transferred $20,000 to the Applicant on the date of the petition. Doc. 33 at 4, ¶ 16. The

United States Trustee has requested that the bank records relating to this time period be provided but the Debtor has yet to comply with the request.

## II.    OBJECTION

### a.   APPLICANT IS NOT A "DISINTERESTED PERSON"

**Summary.**  The Applicant is not a "disinterested person" as required under § 327(a) and 101(14) because the $20,000 payment for pre-conversion legal services in the prior case is readily avoidable.

**Standards for "disinterested person".**  Section 327(a) governs employment of professionals and precludes the retention of professionals that "hold or represent an interest adverse to the estate" or who are not "disinterested persons," 11 U.S.C. § 327(a).  A "disinterested person" lacks any "interest materially adverse to the interest of the estate or of any class of creditors or equity security holders, by reason of any direct or indirect relationship to, connection with, or interest in, the debtor, or for any other reason," 11 U.S.C. § 101(14).  "Section 327(a) serves to insure that 'the undivided loyalty and exclusive allegiance required of a fiduciary to an estate in bankruptcy is not compromised or eroded.'" *In re Development Corp. of Plymouth, Inc.*, 283 B.R. 464, 468 (Bankr. E.D. Mich. 2002) (quoting *In re Prudent Holding Corp.*, 153 B.R. 629, 631 (Bankr. E.D.N.Y. 1993)).  "As a general principle, professional persons employed by the trustee should be free of any conflicting interest which might, in the view of the trustee or the bankruptcy court, affect the performance of their services or which might impair the high degree of impartiality and detached judgment expected of them during the administration of a case." *In re Licking River Mining, LLC*, 562 B.R. 351 (Bankr. E.D. Ky. 2016) (quoting *In re Amdura Corp.*, 121 B.R. 862, 865 (Bankr. D. Colo. 1990)).  "To hold or represent an interest adverse to the estate means (1) to

hold or assert any economic interest that would tend to reduce the value of the bankruptcy estate or that would give rise to an actual or potential dispute in which the estate is a rival claimant, or (2) possess a predisposition under circumstances that render such predisposition a bias against the estate." *In re Development Corp. of Plymouth, Inc.*, 283 B.R. 464, 469 (Bankr. E.D. Mich. 2002) (citations and internal quotations omitted).

**Payment of $20,000 – No Legal Basis for Debt.** In this case, the Applicant received $20,000 on the date of the petition filing. The payment of such funds was not for a current case retainer, *compare In re D & H Mach. Serv., Inc.,* 557 B.R. 609 (Bankr. E.D. Tenn. 2016) (discussing prepetition retainers), but rather to pay Applicant for past legal services rendered during the Chapter 11 phase of his prior case.[1] But any debt relating to pre-conversion legal services was discharged in the Chapter 7 case, as is explicitly explained in the discharge order: "if this case began under a different chapter of the Bankruptcy Code and was later converted to chapter 7, debts owed before the conversion are discharged." Doc. 281, Case No. 1:14-bk-12133-NWW. *See generally See* 11 U.S.C. § 727(b) ("a discharge under subsection (a) of this section discharges the debtor from all debts that arose before the date of the order for relief under this chapter); 11 U.S.C. § 348(b) ("in sections . . . 727(b) . . . of this title, 'the order for relief under this chapter' in a chapter to which a case has been converted under section . . . 1112 . . . of this title means the conversion of such case to such chapter."); *In re Fickling*, 361 F.3d 172, 175 (2d Cir. 2004) ("For purposes of discharge, all claims, including claims for administrative expenses, that arise after the filing of the Chapter 11 petition but prior to the conversion to Chapter 7, and that are not expressly

---

[1] The filings to-date do not explain when the fees were incurred, however Applicant has acknowledged that the fees primarily (and perhaps exclusively) relate to pre-conversion activities. To the extent some of the fees were incurred post-conversion, the analysis would change very little, as the payment of those fees on the eve of bankruptcy would likely give rise to a preference action. *See, e.g., In re Pillowtex, Inc.*, 304 F.3d 246, 255 (3d Cir. 2002).

4

exempted by § 523, are subject to discharge."). Further, even if the discharge had not entered, no attorney fees were approved in the prior case and thus none could be collected. *In re 5900 Associates, Inc.*, 468 F.3d 326, 330 (6th Cir. 2006) ("The Bankruptcy Code assigns to courts a comprehensive duty to review fees in a particular case, and 11 U.S.C. § 330 is the sole mechanism by which fees may be enforced. Dismissal of a case, or a private agreement between the debtor and its attorney, cannot abrogate the bankruptcy court's statutorily imposed duty of review."); *In re Marin*, 256 B.R. 503, 507 (Bankr. D. Colo. 2000) ("An attorney who extracts payments from debtors other than pursuant to proper disclosure, or to allowance under section 330, stands in violation of the provisions of the bankruptcy Code, and may properly be stripped of all fees.").

**Payment on Non-Binding Obligation Creates Conflict.** The Debtor and the estate now have adverse interests to the Applicant because the $20,000 payment is very likely avoidable. In particular, the $20,000 transfer would be subject to attack as a fraudulent conveyance since, as described above, any underlying debt once owed by the Debtor was discharged and, in any event, was not binding on the Debtor absent approval by the court. Accordingly, Applicant is, in all likelihood, liable to the Debtor for the entire $20,000 payment and cannot qualify as a "disinterested person" in such circumstances. *See, e.g., In re Pillowtex, Inc.*, 304 F.3d 246, 255 (3d Cir. 2002) ("We hold that when there has been a facially plausible claim of a substantial preference, the district court and/or the bankruptcy court cannot avoid the clear mandate of the statute by the mere expedient of approving retention conditional on a later determination of the preference issue.").

**Conclusion.** Because the Debtor paid $20,000 to Applicant on a discharged and otherwise unenforceable obligation, Applicant is not a disinterested person and cannot credibly advise Debtor

on his legal rights regarding the potential recovery of that transfer. As such, Applicant cannot serve as counsel in this matter.

### b. INSUFFICIENT DISCLOSURE

**Disclosure Requirements.** A second problem also precludes employment of Applicant in this case: the failure to clearly and thoroughly disclose all connections with the Debtor. Several bankruptcy provisions and rules require complete disclosure of the financial dealings between a debtor and counsel. Most directly applicable here is 11 U.S.C. § 329(a): "Any attorney representing a debtor in case under this title, or in connection with such a case, whether or not such attorney applies for compensation under this title, shall file with the court a statement of the compensation paid or agreed to be paid, if such payment or agreement was made after one year before the date of the filing of the petition, for services rendered or to be rendered in contemplation of or in connection with the case by such attorney, and the source of such compensation." *See also* Fed. R. Bankr. P. 2014(a) (requiring application to employ to include "to the best of the applicant's knowledge, all of the person's connections with the debtor . . . ."); Fed. R. Bankr. P. 2016(b) (requiring the 329 statement to be filed within 14 days).

**Insufficient Disclosures.** The disclosures in this case, however, were not sufficient. Only the Statement of Financial Affairs provided the exact amount of funds provided to the Applicant and the basis for the payment. This information should have been provided on the fee disclosure form and the application to employ: "[c]ourts, the U.S. Trustee and creditors and other parties in interest . . . should not be forced to scour the docket searching for disclosure of compensation buried among the debtor's schedules and other filings." *In re Gluth Bros. Constr., Inc.*, 459 B.R. 351 (Bankr. N.D. Ill. 2011). Because of this failure to provide clear and thorough disclosures, employment should also be denied.

### III.    CONCLUSION

For the reasons above, the United States Trustee requests that the Court deny the Application.

                                        Paul A. Randolph
                                        Acting United States Trustee, Region 8

                                        <u>/s/ David Holesinger</u>
                                        David Holesinger (TN BPR # 030189)
                                        Attorney for United States Trustee
                                        31 East 11th Street, 4th Floor
                                        Chattanooga, TN 37402
                                        (423) 752-5153
                                        David.Holesinger@usdoj.gov

## CERTIFICATE OF SERVICE

    The United States Trustee hereby certifies that on December 1, 2020, a true and correct copy of the foregoing Objection of United States Trustee to Application for an Order Pursuant to § 327(a) of the Bankruptcy Code Authorizing the Retention of David J. Fulton and Scarborough & Fulton as Counsel for the Debtor was served by Notice of Electronic Filing on parties receiving such notice and was sent by U.S. Mail, first-class, to the Debtor at the address listed below.

    Michael Allen Mixson
    6903 Jesse Conner Road
    Chattanooga, TN 37421

    /s/ David Holesinger