## UNITED STATES BANKRUPTCY COURT
## EASTERN DISTRICT OF TENNESSEE
## AT CHATTANOOGA

| | | |
|---|---|---|
| In re: | ) | |
| | ) | Case No. 20-12728 |
| Michael Allen Mixson | ) | |
| | ) | Chapter 11 |
| | ) | |
| Debtor. | ) | |

## DEBTOR'S SECOND AMENDED
## PLAN OF REORGANIZATION

### (Dated December 7, 2021)

The Debtor proposes the following Plan of Reorganization (the "Plan") pursuant to § 1127 of the United States Bankruptcy Code (the "Bankruptcy Code").

## ARTICLE I
## DEFINITIONS

Unless the context otherwise requires, the following terms shall have the following meanings when used in initially capitalized form in this Plan. Such meanings shall be equally applicable to both the singular and plural forms of such terms. Any term used in initially capitalized form in this Plan that is not defined herein, but that is defined in the Bankruptcy Code, shall have the meaning assigned to such term in the Bankruptcy Code.

**1.1** **"Administrative Claim"** means a Claim for a cost or expense of administration of the Chapter 11 Case allowed under Section 503(b) of the Bankruptcy Code and referred to in Section 507(a)(1) of the Bankruptcy Code, including: (a) the actual, necessary costs and expenses incurred after the commencement of the Chapter 11 Case of preserving the Estate and operating the businesses of the Debtor; (b) wages, salaries or commissions for services; (c) reimbursement of expenses awarded under Sections 330(a) or 331 of the Code; and (d) all fees and charges assessed against the Estate of the Debtor under Chapter 123 of Title 28 of the United States Code.

**1.2** **"Allowed Amount"** means the amount in lawful currency of the United States of any Allowed Claim.

**1.3** **"Allowed Claim"** means, with reference to any Claim: (i) a Claim against the Debtor, proof of which, if required, was Filed on or before the Bar Date, which is not a Contested Claim, (ii) if no proof of Claim was so Filed, a Claim against the Debtor that has been or hereafter is listed by the Debtor in his Schedules as liquidated in amount and not disputed or contingent, or (iii) a Claim allowed hereunder or by Final Order. An Allowed Claim does not

include any Claim or portion thereof which is a Disallowed Claim or which has been subsequently withdrawn, disallowed, released or waived by the holder thereof, by this Plan, or pursuant to a Final Order.  Unless otherwise specifically provided in this Plan, an Allowed Claim shall not include any amount for punitive damages or penalties.

**1.4** **"Allowed Secured Claim"** means an Allowed Claim that is Secured, as hereinafter defined.

**1.5** **"Ballot"** shall mean the forms mailed to holders of Claims for the purpose of voting to accept or reject the Plan.

**1.6** **"Bankruptcy Code" or "Code"** means Title 11 of the United States Code, as amended.

**1.7** **"Bankruptcy Court" or "Court"** means the United States Bankruptcy Court for the Eastern District of Tennessee, Chattanooga Division.

**1.8** **"Bar Date"** means the date fixed by the Bankruptcy Court by which a proof of claim must have been filed against the Debtor.

**1.9** **"Business Day"** means any day, other than a Saturday, Sunday or legal holiday (as the term is defined in Bankruptcy Rule 9006(a)).

**1.10** **"Chapter 11 Case"** means the above entitled and numbered case filed by the Debtor pursuant to the provisions of Chapter 11 of the Bankruptcy Code.

**1.11** **"Claim"** means: (i) right of payment, whether or not such right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured or unsecured; or (ii) a right to an equitable remedy for breach of performance if such breach gives rise to a right of payment, whether or not such right to an equitable remedy is reduced to judgment, fixed, contingent, matured, unmatured, disputed, undisputed, secured or unsecured.

**1.12** **"Claimant"** means a holder of a Claim.

**1.13** **"Class"** means all of the holders of Claims against the Debtor that have been designated as a class in the Plan.

**1.14** **"Confirmation"** means the entry by the Bankruptcy Court of the Confirmation Order.

**1.15** **"Confirmation Date"** means the date of entry by the Court of an order confirming the Plan.

**1.16** **"Confirmation Hearing"** means the hearing or hearings to be held before the Bankruptcy Court in which Debtor shall seek Confirmation of this Plan.

**1.17** **"Confirmation Order"** means the Order confirming this Plan, together with any supplements, amendments or modifications thereto.

**1.18** **"Consummation"** means that substantially all payments required to be made under the Plan on the Effective Date have been made.

**1.19** **"Contested"** when used with respect to a Claim, means a Claim against the Debtor that is: (i) listed in the Debtor's Schedules as disputed, contingent or unliquidated and as to which a proof of Claim has been timely Filed; (ii) listed in the Debtor's Schedules as undisputed, liquidated and not contingent and as to which a proof of Claim has been Filed with the Bankruptcy Court, to the extent the proof of Claim amount exceeds the amount provided for in the Debtor's Schedules; or (iii) the subject of an objection which has been or may be timely Filed and which claim has not been disallowed by Final Order.  Nothing contained herein shall prohibit objections to Claims from being filed after entry of the Confirmation Order.  To the extent an objection relates to the allowance of only a part of a Claim, such a Claim shall be a Contested Claim only to the extent of the objection.

**1.20** **"Creditor"** means holder of a Claim as of the Petition Date.

**1.21** **"Debtor" or "Debtor-in-Possession"** means Michael Allen Mixson.

**1.22** **"Disallowed Claim"** means a Claim against the Debtor, or any portion thereof, (i) that has been disallowed by Final Order; including Final Orders entered after entry of the Confirmation Order; (ii) proof of which has been untimely Filed and as to which no Order of allowance has been entered by the Bankruptcy Court; or (iii) listed as disputed, contingent or unliquidated and as to which no proof of claim has been timely Filed.

**1.23** **"Disclosure Statement"** means the Disclosure Statement for this Plan, together with any supplements, amendments or modifications thereto.

**1.24** **"Distribution"** means any payment under the Plan.

**1.25** **"Distribution Date"** means the date specified in the Plan on which payment to any classified or unclassified claimant shall be made.  If not specified in the Plan with regard to a Class of Claims, then the Distribution Date shall be the first day of the month following the Effective Date.

**1.26** **"Effective Date"** means (i) the first business day of the month following the expiration of thirty (30) days following the date on which the Confirmation Order becomes a Final Order; or (ii) in the event the Confirmation Order is appealed or a motion to reconsider is filed, the thirtieth (30th) day after the entry of a Final Order denying the motion, dismissing such appeal or affirming the Bankruptcy Court's Confirmation Order.

**1.27** **"Entity"** includes any individual, partnership, corporation, estate, trust, governmental unit, person and the United States Trustee.

**1.28** **"Estate"** means the bankruptcy estate of the Debtor created by Section 541 of the Bankruptcy Code upon the commencement of their Chapter 11 Case.

**1.29** **"Estate Assets"** means each and all of the assets included in the Debtor's Estate.

**1.30** **"Executory Contract"** means any contract, including, without limitation, any unexpired lease, to which Debtor is a party and which is capable of being assumed or rejected pursuant to Section 365 of the Bankruptcy Code.

**1.31** **"Fair Market Value"** means the value of the property as indicated in the Disclosure Statement or Plan of Reorganization, which has been determined based on financial analysis. The Fair Market Value is an estimate and is subject to change based on fluctuations of the market and other numerous factors. However, the Fair Market Value of the property as stated in the Disclosure Statement is considered current and believed to be correct for purposes of the Plan.

**1.32** **"Fee Claim"** means a Claim for fees and expense reimbursements under Section 330 or Section 503(b) of the Bankruptcy Code.

**1.33** **"Filed"** means filed with the Bankruptcy Court.

**1.34** **"Final Order"** means: (i) an order of the Bankruptcy Court as to which the time to appeal, petition for certiorari, or move for reargument or rehearing has expired and as to which no appeal, petition for certiorari, or other proceedings for reargument or rehearing, shall then be pending; or (ii) in the event that an appeal, writ of certiorari, reargument or rehearing thereof has been sought, such order of the Bankruptcy Court shall have been affirmed by the highest court to which such order may be appealed, or certiorari has been denied, and the time to take any further appeal, petition for certiorari or move for reargument or rehearing shall have expired; provided, however, that the Confirmation Order may be treated as a Final Order at the option of Debtor if no stay pending appeal has been obtained.

**1.35** **"General Unsecured Claims"** means all Claims in Class 6.

**1.36** **"Impaired"** means the treatment of an Allowed Claim under this Plan unless, with respect to such Claim, either (i) this Plan leaves unaltered the legal, equitable, and contractual rights to which such Claim entitles the holder of such Claim; or (ii) notwithstanding any contractual provision or applicable law that entitles the holder of such Claim to demand or receive accelerated payment of such Claim after occurrence of a default, the Debtor (A) cure any default that occurred before, on or after the commencement of the Chapter 11 Case other than default of the kind specified in Section 365(b)(2) of the Bankruptcy Code; (B) reinstate the maturity of such Claim as such maturity existed before such default; (C) compensate the holder of such Claim for any damages incurred as a result of any reasonable reliance by such holder on such contractual provision or such applicable law; and (D) do not otherwise alter the legal, equitable or contractual rights to which such Claim entitles the holder of such Claim.

**1.37**     **"Insider Unsecured Claims"** means any claim of entities related to the Debtor as defined at 11 U.S.C. 101 (31).

**1.38**     **"Lender" (also "Secured Lender")** means any Claimant that holds a Secured Claim or Lien, as defined herein, against the Estate.

**1.39**     **"Lien"** means all valid and enforceable liens, security interests, claims and encumbrances against any property of the Debtor's Estate which is permitted by, or not avoided pursuant to, the Bankruptcy Code.

**1.40**     **"Order"** means an order or judgment of the Bankruptcy Court.

**1.41**     **"Penalty Unsecured Claims"** means any claims of taxing authorities not entitled to priority pursuant to 11 USC § 507(a)(8).

**1.42**     **"Person"** shall have the meaning ascribed to such term under Section 101(41) of the Bankruptcy Code.

**1.43**     **"Persons Entitled to Notice"** means interested parties who have appeared and intervened in the case or are listed in Debtor's schedules.

**1.44**     **"Petition Date"** means October 16, 2020.

**1.45**     **"Plan"** means this Plan of Reorganization, as it may be amended or modified from time to time as permitted herein or in accordance with Section 1127 of the Bankruptcy Code.

**1.46**     **"Plan Documents"** means this Plan, the Disclosure Statement and any and all other documents necessary to effectuate this Plan; and all exhibits, attachments, and amendments to any of the foregoing.

**1.47**     **"Post Confirmation"** means the period of time after the Confirmation Date.

**1.48**     **"Priority Claim"** means all Claims entitled to priority under Section 507(a)(1)-(a)(10) of the Bankruptcy Code.

**1.49**     **"Pro Rata" or "Pro Rata Share"** means the proportion that the amount of an Allowed Claim in a particular class bears to the aggregate amount of all Claims in such class, including Contested Claims, but not including Disallowed Claims, as calculated by the Debtor as of a date preceding a Distribution Date.

**1.50**     **"Professional Persons"** means a Person retained or to be compensated pursuant to Sections 327, 328, 330, 331, 1102, and 1103 of the Bankruptcy Code.

**1.51**    **"Reorganized Debtor"** means the Debtor as reorganized on the Effective Date under the Plan and thereafter.

**1.52**    **"Retained Assets"** means all property of the Estate of the Debtor not surrendered during the Chapter 11 case or by the Plan.

**1.53**    **"Schedules"** means those schedules and statement of financial affairs filed by the Debtor under Federal Rule of Bankruptcy Procedure 1007, as same may be amended from time to time.

**1.54**    **"Secured Claims"** means an Allowed Claim that is secured by a lien on or security interest in property in which the Estate has an interest, or that is subject to setoff under Section 553 of the Bankruptcy Code, to the extent of the value of a Claimant's interest in such Estate's interest in such property, or to the extent of the amount subject to setoff, as the case may be.

**1.55**    **"Secured Lender" (also "Lender")** means any Claimant that holds a Secured Claim or Lien, as defined above, against the Estate.

**1.56**    **"Unsecured"** means an Allowed Claim that is not Secured or the unsecured portion of a Secured Claim.

**ARTICLE II**
**TREATMENT OF NON-CLASSIFIED CLAIMS**

Administrative Claims and Priority Tax Claims are not classified under Section 1123(a)(1) of the Code for purposes of voting or receiving distributions under the Plan.

**2.1**    **Administrative Claims**

    **2.1.1**    **Allowed Administrative Claims.** Each holder of an Administrative Claim which is allowed under Section 503(b), except as otherwise set forth in this section 2.1 of the Plan, shall receive either (i) with respect to Administrative Claims which are Allowed Claims on the Effective Date, the Allowed Amount of such holder's Allowed Claim in cash on the Effective Date; (ii) with respect to Administrative Claims which become Allowed Claims after the Effective Date, the Allowed Amount of such holder's Allowed Claim in one cash payment as soon as practicable after such claim becomes an Allowed Administrative Claim; or (iii) such other treatment agreed upon by the Debtor and such holder; provided, however, that any such Administrative Claim representing a liability incurred in the ordinary course of business by the Debtor shall be paid in accordance with the terms and conditions of the particular transaction giving rise to such liability and any agreements relating thereto.  Any person or Entity that asserts an Administrative Claim that is not paid on the Effective Date shall be required to file with the Bankruptcy Court an application for payment of such

asserted Administrative Claim and to serve notice thereof on all parties entitled to such notice, including counsel for the Creditors. Any such claims must be filed within thirty (30) days from the Effective Date. The failure to file timely the application as required under this section 2.1.1 of the Plan shall result in the Claim being forever barred and discharged. An Administrative Claim with respect to which an application has been properly filed pursuant to this section 2.1.1 of this Plan and to which no objection has been filed or an objection has been filed but overruled by the Court, shall become an Allowed Administrative Claim to the extent such claim is allowed by Final Order.

   **2.1.2   Fee Claims of Professionals.**   Each Professional Person whose retention with respect to this Chapter 11 Case has been approved by the Bankruptcy Court or who holds, or asserts, an Administrative Claim that is a Fee Claim shall be required to file with the Bankruptcy Court a final fee application within thirty (30) days after the Effective Date and to serve notice thereof on all parties entitled to such notice pursuant to applicable Bankruptcy Rules and in accordance with any orders entered in this case regarding the compensation of professionals. Such time limit may be extended upon motion of the applicant. Payment of Court-approved compensation shall be made within ten (10) days after the order approving such compensation becomes a Final Order, or on such other payment terms agreed upon by the Debtor and the Professional Person.

   **2.1.3   Payment of Fees to U.S. Trustee.**   All fees payable under 28 U.S.C. § 1930 shall be paid in cash in full when due, or before entry of the Confirmation Order.

## ARTICLE III
## CLASSIFICATION AND TREATMENT OF CLASSIFIED CLAIMS

   Pursuant to Section 1123 of the Bankruptcy Code, the Claims as classified herein shall be satisfied in the manner set forth in this Article. The treatment of, and the consideration to be received by Entities holding Allowed Claims against the Debtor's Estate pursuant to this Plan, shall be in full settlement, satisfaction, release and discharge of their respective Allowed Claims against the Debtor's Estate, but shall not affect the liability of any other Entity on such Claim. The Debtor shall pay monthly payments not later than the fifth (5th) day of each month after the Effective Date. All Classes secured by a mortgage will have full insurance coverage on the real estate securing the mortgages and will retain their liens until the mortgages are paid in full.

   **3.1   Class 1 – Tax Claims.**  (Class 1) consists of all Allowed Tax Claims against the Debtor, excluding such Claims that were paid prior to the Effective Date. This Class is impaired. Each Allowed Tax Claim shall be paid the Allowed Amount of such Claim in cash, in full, in accordance with the provisions of Section 1129(a)(9)(C) of the Code. If any Allowed Tax Claim, **except any claim by the Internal Revenue Service,** is not paid in cash in full on the latest of (i) the Effective Date; (ii) the date a Contested Tax Claim is allowed in whole or in part by Final Order; or (iii) the date such payment is due under applicable law, then the unpaid portion of such Allowed Tax Claim shall accrue interest from the due date until the date of

payment, provided, however, that no Allowed Tax Claim shall include any Claims with pre-petition or post-petition penalties, all of which penalties, pre-confirmation and post-confirmation, shall be (i) deemed unsecured claims and (ii) paid as provided for in Section 5. Each Contested Tax Claim shall become an Allowed Tax Claim only upon entry of, and only to the extent such claim is allowed by a Final Order. Allowed Tax Claims shall be paid monthly within the time provided by 11 USC § 1129(a)(9)(C). It is anticipated that Federal taxes are the Tax Claims in this Class.

Allowed federal secured and priority tax claims shall be paid in monthly installments, with 3% APR interest over a period not to exceed 60 months from the petition date. It is expected that the required monthly payment will be $100.00, more or less, for full payment of the Priority Claim of $4,262 with statutory interest.

(A) If the Debtor fails to make any payment required by the confirmed Plan of reorganization, make any deposits of any currently accruing employment tax liability, make any payment of any tax to the Internal Revenue Service within 10 days of the due date of such deposit or payment, or fail to file any required federal tax return by the due date of such return and pay any outstanding tax liability shown on the return at the time the return is filed, then the United States may declare that the Debtor are in default of the Plan. Failure to declare a default does not constitute a waiver by the United States of the right to declare that the Debtor is in default.

(B) If the United States declares the Debtor to be in default of the Debtor' obligations under the Plan, then the entire imposed liability, together with any unpaid current liabilities, shall become due and payable immediately upon written demand to the Debtor.

(C) If full payment is not made within 10 days of such demand, then the Internal Revenue Service may collect any unpaid liabilities through the administrative collection provisions of the Internal Revenue Code.

(D) In the event the Debtor file for protection under Title 11, the secured and unsecured priority tax claims of the Internal Revenue Service shall retain their status as tax claims in the subsequent bankruptcy case.

(E) The discharge of any debt owed to the Internal Revenue Service under this Plan shall not be effective until the federal taxes provided for under this Plan have been paid in full.

**3.1.a.**   The Priority Tax Claim of the Hamilton County Trustee in the amount of $28,871 paid in monthly installments with statutory interest over a period not to exceed sixty (60) months from the petition date. It is expected that the required monthly payment will be $600, more or less.

**3.1.b.**   The Priority Tax Claim of the City of Chattanooga in the amount of $59,863 paid in monthly installments with statutory interest over a period not to exceed sixty (60) months from the petition date. It is expected that the required monthly payment will be $1,500, more or less.

**3.2**     **Class 2 – FMM Bushnell, LLC.**  FMM Bushnell, LLC (Bushnell) (Class 2) shall be paid its Allowed Unsecured Claim as a Class 6 Claim.

**3.3**     **Class 3-First Volunteer.** First Volunteer (Class 3) shall be paid its Allowed Secured Claim of $650,000, more or less, secured by a first lien on Debtor's Airpark Road property. Creditor's Allowed Secured Claim shall be paid monthly in the amount of $3,250 by Debtor. Interest rate shall be 5% with a balloon payment due of the balance then due and owing as of the third anniversary of the Confirmation Date. Debtor shall continue to maintain full insurance coverage on the bank's collateral. This creditor is fully secured. This Creditor is impaired.   THIS PROVISION WILL APPLY SHOULD THE COURT DETERMINE FIRST VOLUNTEER HOLDS A FIRST PRIORITY LIEN ON THE AIRPARK DRIVE PROPERTY. Should the Court determine that First Volunteer's lien is second priority, it shall have an unsecured claim for $225,000.

**3.4**     **Class 4-Quicken Loans.**  Quicken Loans ("Quicken") (Class 4) shall be paid its Allowed Secured Claim of $288,612.00, more or less, secured by a first lien on Debtor's residence located at 6903 Jesse Conner Road, Chattanooga, TN 37421. Creditor's Allowed Secured Claim shall be paid per the contract terms of $2,010.00 per month until the Allowed Secured Claim is paid in full. This Creditor is not impaired.

**3.5**     **Class 5-Truist Bank.**  Truist Bank ("Truist") (Class 5) secured by a first lien on 2020 Silverado, Secured Claim of $40,604.00. Creditor's Allowed Secured Claim shall be paid per contract terms of $722.90 per month until the Allowed Secured Claim is paid in full.  This Creditor is not impaired.

**3.6**     **Class 6-Unsecured Claims**.  Unsecured Claims (Class 6) shall be paid $150,000 by the Effective Date and $1,000 per month pro rata beginning on the Effective Date, until a total of $200,000 is paid to this Class. As Class 1 is paid, that Class' payments will be made to Class 6 until the dividend to this Class is paid. This Class is impaired.

**3.7**     **Class 7-Unsecured Penalty Claims.** Unsecured Penalty Claims (Class 7) shall receive no payment under the Plan. This Class is impaired.

**3.8**     **Class 8 - Debtor.**  Debtor (Class 8) shall receive no payment under the Plan. This Class is impaired.

## ARTICLE IV
## MEANS FOR IMPLEMENTATION OF THE PLAN

The means necessary for the execution of the Plan include continuation of Debtor's golf club business as it is presently operated, rental property and engineering employment.

**4.1**     **Introduction.**   This Plan is the Debtor's comprehensive proposal for the continuation of Debtor's business, the restructuring of Debtor's debts and the potential rejection

of burdensome executory contracts.  Implementation of the Plan will enable Debtor to focus on his business and rental property while maximizing the return to creditors.  The Plan calls for (i) restructuring obligations the Debtor owes and (ii) the rejection of certain executory contracts that are burdensome to the Estate, if any.

**4.2** **Restructured Debt**.  The Debtor will retain all assets that are not surrendered and the debt associated with the assets will be treated as stated herein.

**ARTICLE V**
**EXECUTORY CONTRACTS; PREFERENCE RECOVERY**

Except to the extent the Debtor's executory contracts are modified herein, the original contract terms not modified will remain in effect. Debtor will (1) file a list of any additional executory contracts to be rejected prior to the Confirmation Hearing and (2) provide notice of the rejections to all parties, if any.  All executory contracts that have been recognized as valid executory contracts by the Bankruptcy Court will be assumed at confirmation unless an application to reject is filed before the entry of the Confirmation Order. Claims arising from the rejection of executory contracts shall be filed within thirty (30) days after the entry of the Confirmation Order.  The lease with Chattanooga Swim Spa is affirmed.

In the event the Plan is amended to pay less the 100% to Class 6, the Debtor will pay the $32,000, more or less, being held in Debtor's attorney's trust account as proceeds from the sale of Debtor's son's Mustang to Class 6 on the Effective Date.

**ARTICLE VI**
**MODIFICATION OF PLAN**

Debtor may modify this Plan in accordance with Section 1127 of the Bankruptcy Code. After Confirmation, Debtor may, with the approval of the Court and so long as it does not materially or adversely affect the interests of Creditors, remedy any defect or omission or any inconsistencies in the Plan, Disclosure Statement, or the Confirmation Order in such manner as may be necessary to carry out the purposes and effect of the Plan and Disclosure Statement.

**ARTICLE VII**
**EFFECT OF CONFIRMATION, DISCHARGE, AND INJUNCTION**

**7.1** **Vesting of Property.**  Except as otherwise provided in the Plan, Confirmation of the Plan shall vest all of the property of the Debtor into the Reorganized Debtor.  In the event of conversion of the case to Chapter 7, the Debtor's property will revest into the estate.

**7.2** **Property Free and Clear.**  Except as otherwise provided in the Plan, all property dealt with by the Plan shall continue to be collateral for each Secured Creditor's Allowed

10

Secured Claim as of the Confirmation of the Plan.  The Plan shall evidence the release of any and all Liens or encumbrances against all property dealt with by the Plan, if any.

      **7.3**    <u>**Legal Binding Effect: Discharge of Claims.**</u>  The provisions of this Plan shall: (i) bind all Claimants, whether or not they accept this Plan, and (ii) discharge the Debtor, from all Claims, debts, and liabilities that arose before the Petition Date, and from any Claims, debts, and liabilities, including, without limitation, of a kind specified in Sections 502(g), 502(h) or 502(i) of the Bankruptcy Code, that arose, or have been asserted against the Debtor at any time before the entry of the Confirmation Order or that arises from any pre-Confirmation conduct of the Debtor whether or not the Claims, claims, debts and liabilities are known or knowable by the Claimant upon completion of all payments required under the Plan.  In addition, the distributions provided for under this Plan shall be in exchange for and in complete satisfaction, discharge, and release of all Claims against the Debtor or any of its assets or properties, including any Claim accruing after the Petition Date and prior to the Effective Date.

      **7.4**    <u>**Effect on Third Parties.**</u>  Except as otherwise expressly provided in this Plan, nothing contained in the Plan or in the documents to be executed in connection with the Plan shall affect any Creditors' rights as to any third party.

      **7.5**    <u>**Release and Discharge of Claims.**</u>  Except as otherwise provided by the Plan, the consideration distributed under the Plan shall be in complete satisfaction, release and discharge of the Debtor and his assets from all Claims of any Creditor, including post-petition Claims arising prior to the Effective Date, when all payments required by the Plan are made.

## ARTICLE VIII
## <u>RETENTION OF JURISDICTION, ETC.</u>

      **8.1**    <u>**Jurisdiction Retention.**</u> The Bankruptcy Court shall, after Confirmation, retain jurisdiction of this case to: determine the allowance of Claims  against the Debtor pursuant to Section 502 of the Bankruptcy Code; determine any matters arising concerning the title to property of the Debtor, the sale thereof, or liens against the said property; determine the allowance of timely filed Claims, resulting from the rejection of Executory Contracts; determine any dispute as to the allowance of Claims; hear and determine any adversary proceedings or contested matters commenced by the Debtor; fix and determine professional fees and other costs of administration; enforce the provisions of the plan and resolve all other matters as may be set forth in the Order of Confirmation.

      **8.2**    <u>**Post-Confirmation Modification.**</u> After the Final Decree is entered, any creditor may move to re-open this case and request the Court to modify the confirmed Plan under 11 U.S.C. § 1127(e) or to enforce the provision for post-confirmation quarterly reports. U.S. Trustee fees shall be paid for any quarters that the case is reopened.

      **8.3**    <u>**Post-Confirmation Reports.**</u> The Debtor shall furnish post-confirmation quarterly reports by the 15th of the month following the end of the quarter to the United States Trustee's office and to any creditors requesting same in writing from the Debtor's counsel.  This

obligation of the Debtor shall continue after the Final Decree is entered in this matter until all Plan payments have been completed.

**8.4** <u>**Plan Payments.**</u> Payments under the Plan will begin on the 1st day of the month after the Effective Date and shall continue monthly by the 1st day of the month thereafter until all payments required to be made under the Plan are completed.

**8.5** <u>**Objection to Claims, etc.**</u> The Court shall retain jurisdiction for purposes of granting a discharge to Debtor, determining any and all objections to the amount of claims, applications for compensation and expenses, to enforce the provisions of the Plan, to correct any defect, cure any omissions or reconcile any inconsistency in the Plan, and to determine such other matters as may be provided for in the Order of the Court confirming the Plan.

**8.6** <u>**Re-Opening Case.**</u> The case may be re-opened by Debtor, without payment of the fee to re-open cases, for any matters that arise post-confirmation under Paragraphs 8.1 and 8.5 herein, or otherwise

This the 7th day of December, 2021.

Respectfully submitted,

By: /s/ Michael Allen Mixson_____
    DEBTOR

SCARBOROUGH & FULTON

By:    /s/ David J. Fulton_____
       David J. Fulton, #6102
       Attorney for Debtor
       701 Market Street, Suite 1000
       Chattanooga, Tennessee 37402
       (423) 648-1880
       (423) 648-1881 (facsimile)
       DJF@sfglegal.com